**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-23034-HERNANDEZ**

PEDRO ANAYA,

      Plaintiff,

v.

CITY OF MIAMI BEACH DEPARTMENT
OF PARKS AND RECREATION,

      Defendant.

                                     /

<u>ORDER</u>

THIS CAUSE is before the Court on Plaintiff's *pro se* Complaint, [ECF No. 1],[1] and Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3].  For the reasons stated below, Plaintiff's Motion is **DENIED without prejudice** and Plaintiff's Complaint is **DISMISSED with leave to amend**.

Because Plaintiff seeks leave to proceed *in forma pauperis*, his Complaint must be screened pursuant to 28 U.S.C. § 1915(e).  Under that statute, the Court is required to dismiss a case if it concludes that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  In addition, because federal courts are courts of limited jurisdiction, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and must do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v.*

---

[1] Pursuant to Administrative Order 2025-11 ("Administrative Order"), we have been assigned as the presiding judge for all purposes in this case, including entering a dispositive order and final judgment. Moreover, Plaintiff consented, in writing, to our jurisdiction on June 1, 2026. [ECF No. 7].

*Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff filed his Complaint with the Court based on diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1 at 3]. Diversity jurisdiction requires complete diversity of citizenship between plaintiffs and defendants and an amount in controversy in excess of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1); *Rush v. CarMax Auto Superstores, Inc.*, No. 20-14719, 2021 WL 3418839, at *1 (11th Cir. Aug. 5, 2021). "The party invoking diversity jurisdiction must allege the citizenships of the parties at the time suit is filed in federal court." *Rush*, 2021 WL 3418839, at *1.

Here, Plaintiff has failed to establish both the diversity-of-citizenship and amount-in-controversy requirements of 28 U.S.C. § 1332. Plaintiff's Complaint alleges that he is a citizen of California but is silent as to Defendant's citizenship. [ECF No. 1 at 3]. It is possible Plaintiff omitted this information because Defendant, the City of Miami Beach Parks and Recreation Department, is a Florida municipality, and therefore a Florida citizen for diversity purposes. *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Even so, "[j]udges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, No. 08-23172-CIV, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation and quotations omitted); *see also Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) (observing that although *pro se* pleadings are held to a more lenient standard, "[that] leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action" (citation and quotations omitted)).

Even if we regard Plaintiff's Complaint as having sufficiently pled diversity of citizenship, it fails to adequately allege that the amount in controversy exceeds $75,000. Using the form complaint available to *pro se* litigants, Plaintiff handwrote that the amount in controversy exceeds

the jurisdictional amount because "[h]ighest compensation." [ECF No. 1 at 4]. It is unclear what Plaintiff intended to communicate by this language, but it is insufficient to establish the necessary amount in controversy. *See Brooks v. Henry*, No. 19-CV-25051, 2020 WL 1703571, at *1 (S.D. Fla. Apr. 8, 2020) (granting dismissal where complaint was "devoid of any allegations regarding the amount in controversy"); *Kaye v. Pers. Inj. Funding III, LP*, 733 F. Supp. 2d 1345, 1347 (S.D. Fla. 2010) ("Here, the complaint makes no allegations regarding the amount in controversy, and thus diversity jurisdiction is lacking.").

Given that Plaintiff is proceeding *pro se*, and because the foregoing deficiencies may be curable, the Court will provide Plaintiff an opportunity to file an Amended Complaint properly setting forth the basis for jurisdiction. Plaintiff must comply with all applicable procedural rules and allege sufficient facts in any Amended Complaint to plausibly state a claim. Plaintiff should specifically ensure that his Amended Complaint complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. In accordance with Rule 8, Plaintiff's Amended Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). While Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim [for] relief that is plausible on its face." *Id.* at 555, 570 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff's factual

3

allegations in his Amended Complaint must satisfy the requisite pleading standard, should clarify what claim Plaintiff seeks to bring, and should allege what the Defendant did to give rise to a claim.  Moreover, in his Amended Complaint, Plaintiff must state the claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      Plaintiff shall file an Amended Complaint in accordance with this Order by July 6, 2026.  Failure to do so may result in dismissal of this action in the Court's sound discretion without further notice.

2.      Plaintiff's Motion [ECF No. 3] is **DENIED** without prejudice.  Plaintiff may file a renewed motion to proceed *in forma pauperis*, which must be legible and contain complete information, when he files his Amended Complaint.  Failure to do so, or alternatively to pay the filing fee, may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Chambers in Miami, Florida, on June 5, 2026.

_____
YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE